UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CLINTON PERRY, SR., ET AL., Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-4185 |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL., Defendants | SECTION "E" (4) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment on the issue of liability.[1] Defendants David Wooldridge, Dade Paper & Bag Co., and Zurich American Insurance Co. oppose the motion.[2] For the following reasons, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

This is a personal injury lawsuit arising from an automobile accident that occurred on January 16, 2017.[3] Plaintiffs allege Defendant Wooldridge caused the accident by negligently changing lanes.[4] Among other things, Plaintiffs claim Wooldridge failed to yield, use lanes properly, and keep a good lookout.[5] Defendants claim Plaintiff Perry was contributorily negligent because evidence shows he may have been trying to pass Wooldridge at the time of the collision.[6] Further, Defendants argue Wooldridge was driving reasonably because he activated his turn signal and checked his mirrors before changing lanes.[7]

---

[1] R. Doc. 42.
[2] R. Doc. 64.
[3] R. Doc. 1-1 ¶ III.
[4] *Id.*
[5] *Id.* ¶ IV.
[6] R. Doc. 64, at 2.
[7] *Id.* at 5.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "An issue is material if its resolution could affect the outcome of the action."[9] "A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party.[12]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[13] If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[14] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[8] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[9] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[10] *Smith v. Amedisys Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 323).
[14] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish a genuine issue of material fact does indeed exist.[15]

"[U]nsubstantiated assertions are not competent summary judgment evidence."[16] Rather, "the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim."[17] "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[18]

## FACTS

The following facts are undisputed. On January 16, 2017, Clinton Perry was driving his wife's van with passengers Earl Perry (co-plaintiff) and Blanche and Ronald Stevenson.[19] Perry was driving in the left-hand lane when his car collided with an 18 wheeler moving from the center lane to the left lane; the 18 wheeler was operated by Defendant John Wooldridge.[20] The impact shattered Perry's passenger side window and damaged his passenger side mirror and door.[21] After impact, Wooldridge kept driving until Plaintiffs got him to pull over further down the road and told him what happened.[22] Wooldridge changed lanes in his 18 wheeler before the accident but did not feel the

---

[15] *Celotex*, 477 U.S. at 322–24.
[16] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324).
[17] *Id.*
[18] *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992) and citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).
[19] R. Doc. 42-2 ¶ 1 (citing Perry Dep. at pp. 16, 18, 19, 49). In R. Doc. 64, at 2 ¶ 1, Defendants deny the allegations set forth in R. Doc. 42-2 ¶ 1 but only provide evidence to bring in dispute whether Wooldridge's truck "struck" Plaintiffs' van. *See* R. Doc. 64, at 2 ¶ 1 (citing Moor Dep. at p. 41). Accordingly, the unrebutted facts in R. Doc. 42-2 ¶ 1 are deemed admitted. *See* FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322–24.
[20] R. Doc 42-2 ¶ 2 (citing Perry Dep. at pp. 23–24, 32–33). In R. Doc. 64, at 2 ¶ 2, Defendants deny the allegations set forth in R. Doc. 42-2 ¶ 2 but only provide evidence to bring in dispute whether Wooldridge's truck "struck" Plaintiffs' van. *See* R. Doc. 64, at 2 ¶ 2 (citing Moor Dep. at p. 41). Accordingly, the unrebutted facts in R. Doc. 42-2 ¶ 2 are deemed admitted. *See* FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322–24. Likewise, the parties do not dispute a collision occurred. *See* R. Doc. 64, at 2 ¶ 3–4.
[21] R. Doc 42-2 ¶ 3; R. Doc. 64, at 2 ¶ 3.
[22] R. Doc 42-2 ¶ 4, 6; R. Doc. 64, at 2 ¶ 4, 6.

collision.[23] Nevertheless, Wooldridge saw evidence of the collision on his vehicle and Perry's vehicle after they pulled over.[24] A collision took place between Wooldridge's 18 wheeler and Perry's vehicle.[25] The 18 wheeler was owned by Dade Paper & Bag Company ("Dade") and insured by Zurich American Insurance Company ("Zurich").[26]

Defendants argue there are disputed material facts. Defendants claim whether Perry was accelerating or braking or going faster or slower than the 18 wheeler at the time of the accident are material facts in dispute.[27] Defendants also claim whether Wooldridge activated his turn signal and whether he checked his mirrors before changing lanes are material facts in dispute.[28] Lastly, Defendants claim whether Perry was attempting to pass Wooldridge's truck before the collision is a material fact in dispute.[29] Defendants support their version of these disputed facts with evidence that "the side mirror of the Dodge Caravan was bent towards the rear of the Caravan" and with the analysis of "accident reconstruction expert Douglas R. Morr[]."[30] Defendants also rely on Wooldridge's testimony he was traveling slowly because of traffic and the governor on his engine.[31]

---

[23] R. Doc. 42-2 ¶ 5 (citing Wooldridge Dep. at pp. 28, 32, 56). In R. Doc. 64, at 2 ¶ 5, Defendants deny the allegations in R. Doc. 42-2 ¶ 5 but only provide evidence to bring in dispute whether Wooldridge's truck "hit" Plaintiffs' van. *See* R. Doc. 64, at 2 ¶ 5 (citing Moor Dep. at p. 41). Accordingly, the unrebutted facts in R. Doc. 42-2 ¶ 5 are deemed admitted. *See* FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322–24.
[24] R. Doc 42-2 ¶ 7; R. Doc. 64, at 2 ¶ 7.
[25] R. Doc 42-2 ¶ 8 (citing Wooldridge Dep. at pp. 38–39). In R. Doc. 64, at 2 ¶ 8, Defendants deny the allegations set forth in R. Doc. 42-2 ¶ 8, but only provide evidence to bring in dispute how the accident occurred and why. *See* R. Doc. 64, at 2 ¶ 8 (citing Moor Dep. at p. 41; Wooldridge Dep. at pp. 39–40). Accordingly, the unrebutted facts in R. Doc. 42-2 ¶ 8 are deemed admitted. *See* FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322–24.
[26] R. Doc. 1-1 ¶ 6–7; R. Doc. 5 ¶ 6–7.
[27] R. Doc 64-1 ¶ 1 (citing Moor Dep. at p. 41).
[28] *Id.* ¶ 2 (citing Wooldridge Dep. at pp. 39–40).
[29] *Id.* ¶ 3 (citing Moor Dep. at p. 41).
[30] R. Doc. 64 at 2, 5 (citing Moor Dep. at p. 41).
[31] *Id.* at 5 (citing Wooldridge Dep. at pp. 32–33, 50–51, 58–59).

## **LAW AND ANALYSIS**

To be entitled to summary judgment, Plaintiffs, as movants, bear the burden of proving there exists no genuine dispute of material fact and they are entitled to judgment as a matter of law.[32] Plaintiffs fail to carry their burden of showing there are no material facts in dispute. Instead, Defendants have carried their burden of directing the Court's attention to evidence in the record setting forth specific facts sufficient to establish several genuine issues of material fact do indeed exist.[33] First, Perry may have been going faster than the 18 wheeler at the time of the accident.[34] Second, Wooldridge may have activated his turn signal and checked his mirrors before changing lanes.[35] Third, Perry may have been attempting to pass Wooldridge's truck at the time of the accident.[36]

These disputed facts are material because they could impact the trier of fact's allocation of fault between Plaintiffs and Defendants under Louisiana's comparative fault scheme.[37] The jury must examine the evidence in this case and determine whether Perry was travelling faster or slower than Wooldridge at the time of impact, whether Wooldridge used his turn signal and checked his mirrors before changing lanes, and whether Perry was passing Wooldridge at the time of the accident. These factual determinations may factor into the jury's decision on Wooldridge's negligence and Perry's contributory negligence. As a result, the Court finds these genuine disputes of material fact defeat summary judgment.

---

[32] *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 323).
[33] *Celotex*, 477 U.S. at 322–24.
[34] R. Doc 64-1 ¶ 1 (citing Moor Dep. at p. 41).
[35] *Id.* ¶ 2 (citing Wooldridge Dep. at pp. 39–40).
[36] *Id.* ¶ 3 (citing Moor Dep. at p. 41).
[37] Louisiana Civil Code article 2323 provides, "If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury."

Moreover, even if those facts were not disputed, this is a negligence case involving a contributory negligence defense. "Summary judgment is ordinarily (but not always) inappropriate when the issue involves negligence or contributory negligence."[38] "Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation."[39] Accordingly, "[t]he use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[40] "'[I]t is usually for the jury to decide whether the conduct in question meets the reasonable man standard.'"[41] As the Fifth Circuit has explained:

> Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[42]

This case presents no rare circumstances warranting summary judgment. The jury will be required to consider "'the reasonableness of the acts and conduct of the parties under all the facts and circumstances of the case.'"[43] As a result, this case cannot "'be disposed of by summary judgment.'"[44]

---

[38] *Matthews v. Ashland Chem.*, 703 F.2d 921, 925 (5th Cir. 1983)
[39] *Keating v. Jones Dev. of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968).
[40] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 & n.8 (5th Cir. 1983) ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate.").
[41] *Matthews*, 703 F.2d at 925 (quoting 10 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE, § 2729 (2d ed. 1983)).
[42] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[43] *Id.* (quoting *Gross v. S. Ry. Co.*, 414 F.2d 292, 296 (5th Cir.1969)).
[44] *Id.* (quoting *Gross v. S. Ry. Co.*, 414 F.2d 292, 296 (5th Cir.1969)).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on the issue of liability,[45] be and hereby is **DENIED**.

**New Orleans, Louisiana, this 9th day of September, 2019.**

                                         **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. 42.